FARMERS' & MERCHANTS' BANK v. V. BAYLESS ET AL.

1 w 717
§ 1245
18a 329

(No. 1405, Op. Book No. 2, p. 589.)

APPEAL from Lamar County. Opinion by QUINAN, J.

§ 1245. *Surety; discharged from liability, when, etc.* Appellant sued appellees Bayless, Rogers and Francis on their joint and several promissory note. Rogers and Francis pleaded and proved that they signed the note as sureties for Bayless, and that appellant knew at the time they signed the note that they were merely sureties upon it; that when the note fell due appellant and Bayless, without the knowledge or consent of said sureties, made a new contract, whereby Bayless, for a valuable consideration by him paid to appellant, to wit, by the payment in advance of interest at the rate of one and one-half per cent. per month, secured further time for the payment of said note, and the time for the payment of the note was accordingly extended. *Held:* These facts released and discharged Rogers and Francis from liability upon the note. " The authorities seem fully to establish the doctrine that there must be an agreement upon a sufficient consideration, and binding upon the creditor to give time, in order to discharge the surety, unless some other circumstance than a mere indulgence to the debtor be shown." [Burke v. Cruger, 8 Tex. 71.] The payment of legal interest in advance, or any sum of money not specified in the contract, is a sufficient consideration to support an agreement to extend time. An agreement to forbear suit,

made in consideration of a usurious premium, which has been executed by payment of the premium, and by forbearance accordingly, will discharge the surety. [2 Daniel on Neg. Inst. 303; Brandt on Sureties, §§ 301–304.] The judgment of the court below was in favor of Rogers and Francis, discharging them from liability on the note, and was

October 3, 1881.                                          Affirmed.